[899 NYS2d 863]

In the Matter of BRIAN MATTHEW ROSICKY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated June 11, 2007 (2007 NY Slip Op 71291[U] [2007]), the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he was guilty of misconduct immediately threatening the public interest in that he failed to comply with the lawful requests of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee). Pursuant to that decision and order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against him based on a petition dated January 2, 2007, and the issues were referred to Honorable Lewis L. Douglass, a retired Justice of the Supreme Court, Kings County, as Special Referee, to hear and report. By decision and order of this Court dated December 6, 2007 (2007 NY Slip Op 85626[U] [2007]), the Grievance Committee's motion to impose discipline upon the respondent's default was denied and the parties were directed to proceed with the previously authorized disciplinary proceeding. By decision and order of this Court dated October 6, 2009 (2009 NY Slip Op 85210[U] [2009]), the Grievance Committee was authorized to serve and file an amended petition dated June 15, 2009, the respondent was directed to serve and file an answer to the amended petition, and the issues raised in the amended petition were referred to the previously assigned Special Referee to hear and report.

The initial petition dated January 2, 2007 contained 24 charges relating to six complaints of professional misconduct, all involving the respondent's failure to cooperate with the Grievance Committee's investigation. Following the respondent's suspension pursuant to this Court's decision and order dated June 11, 2007, he failed to timely submit an answer. In response to the Grievance Committee's motion to impose discipline upon the respondent's default, he submitted an affidavit in opposition and a verified answer, admitting many of the charges. In view of the respondent's submissions, the motion was denied, and the parties were directed to proceed with the disciplinary proceeding.

In light of the respondent's initial failure to cooperate with the Grievance Committee's investigation into the six complaints of professional misconduct, the Grievance Committee was unable to complete most of the investigations into the underlying complaints. Subsequent to the order dated December 6, 2007,

the respondent continued to fail to fully cooperate. Additionally, he failed to file his biennial registration statement with the Office of Court Administration for the periods 2007-2008 and 2009-2010.

Consequently, on June 16, 2009, the Grievance Committee personally served the respondent with an order to show cause seeking leave to amend and supplement the initial petition, and for authorization to prosecute a disciplinary proceeding based on a verified amended petition dated June 15, 2009. The verified amended petition contained 29 charges, including new charges of misappropriation of funds, failure to deliver funds, failure to render a proper accounting of funds, and failure to produce escrow records required to be maintained. Although served with the order to show cause, along with a copy of the amended petition, the respondent did not submit any response.

By decision and order of this Court dated October 6, 2009, the Grievance Committee was authorized to serve and file the amended verified petition, replacing the initial petition with the amended verified petition dated June 15, 2009. The respondent was directed to serve and file an answer to the amended verified petition within 20 days after service upon him of a copy of this Court's order.

The respondent was personally served on October 27, 2009 with a copy of this Court's decision and order dated October 6, 2009. More than 20 days have elapsed since service was effectuated. The respondent has neither answered nor requested additional time in which to answer.

The respondent was personally served on December 24, 2009 with a copy of the Grievance Committee's motion for leave to impose discipline upon his default. No response or request for an extension of time in which to reply has been received.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Brian Matthew Rosicky, is disbarred,

and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Brian Matthew Rosicky, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Brian Matthew Rosicky, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Brian Matthew Rosicky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).